IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| RAYMOND S. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 5:06CV148 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C.§405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand, the administrative law judge (ALJ) will be instructed to assess the severity of Plaintiff's mental impairments under the special technique set forth in 20 C.F.R. § 404.1526a. The ALJ will give further consideration to the opinions of Dr. Riddle and the state agency medical sources concerning Plaintiff's mental limitations. If necessary, the ALJ will reassess Plaintiff's residual functional capacity and will describe any limitations relative to Plaintiff's depression or stress tolerance in vocationally relevant terms pursuant to Social Security Ruling 85-15. The ALJ will obtain vocational expert testimony and proceed through the sequential evaluation process. Before relying on vocational expert testimony at step five, the ALJ will ensure that any such testimony is in response to a hypothetical that includes all of Plaintiff's limitations that are found to be supported by the record.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. §405(g), and in light of the Commissioner's assented to request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

Signed: April 26, 2007

Richard L. Voorhees
United States District Judge